IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>WARREN LEE MACKEY,<br><br>Defendant. | 8:19CR329<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Defendant Warren Lee Mackey's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  Filing No. 155.  He challenges his conviction after a jury convicted him of one count of aggravated sexual abuse of a child under the age of 12 and one count of abusive sexual contact. Filing No. 120.  He was sentenced to a term of imprisonment of 360 months on Count 1 and a concurrent 120-month sentence on Count 2, and concurrent 5-year terms of supervised release, and $2,727.80 in restitution.  Filing No. 136.  He filed a direct appeal, and the Eighth Circuit affirmed this Court on his evidentiary objections and remanded on his restitution appeal. Filing No. 159.  The restitution order was filed by this Court (Filing No. 165), but both the defendant and the government requested a hearing.  Filing No. 167 and Filing No. 172.  The Court held the restitution order in abeyance pending a hearing on the same.  The Court, thereafter, during the hearing determined that restitution would not be granted in this case. Filing No. 175, text minute entry.

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in

1

excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255. Under the Rules Governing Section 2255 Proceedings for the United States District Courts ("2255 Rules"), the court must perform an initial review of the defendant's § 2255 motion. *See* 28 U.S.C. § 2255, Rule 4(b). The rule provides that unless "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court," the court must order the United States Attorney to respond to the motion. *Id.*

Mackey makes a number of arguments in his § 2255 motion. Generally speaking, Mackey, in his § 2225 complaint, contends the following: lax due process resulting in abuse of discretion and irrelevant testimony; testimony as to female anatomy by FBI experts; lack of jurisdiction over this case, and particularly Indian jurisdiction; Brady violations as to cell phone data, DNA testimony and medical testimony; unfairness in the testimony and prejudicial testimony; and lack of an impartial jury. Following the filing of the § 2255 motion by Mackey, the Eighth Circuit ruled on the direct appeal. The Eighth Circuit determined that these issues were without merit. The Court determined that there was no prejudice as to the issues raised on appeal.

Defendant also raises ineffective assistance claims regarding defense counsel's refusal to obtain a copy of a May 1, 2020, video visit regarding an alleged act of vengeance for Mackey and his family which resulted in a call to CPS over drug use. Filing No. 155 at 8. Mackey has failed to allege how this, in any way, shows ineffective assistance, or prejudice to him, and his trial and guilty verdict. On the contrary, the evidence at trial supported his conviction. In addition, Mackey contends that counsel's motion to withdraw at a hearing on June 15, 2021, in Magistrate Judge Nelson's court is

another example of ineffective assistance of counsel. Filing No. 155 at 8. With regard to the motion, the Court has reviewed the same as well as the June 15, 2021, hearing information and finds it does not rise to the level of ineffective assistance of counsel on initial review. On the contrary, Mackey was well represented on this issue by his counsel. Based on the Court's review of the evidence, the Court finds these two contentions are without merit. Mackey was given a full hearing on both of these issues, Filing No. 149, and the court determined his counsel would not be discharged and that the contentions regarding CPS were peripheral and not related to Mackey's guilt or innocence.

On initial review, the Court finds with certainty, that Mackey is entitled to no relief and finds the government should not be required to answer. To establish ineffective assistance of counsel, the defendant must satisfy both prongs of the test articulated by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. Id. at 687–89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense. Id. at 687. "To establish prejudice, the defendant must demonstrate a reasonable probability that the result of the proceeding would have been different, but for counsel's deficiency." United States v. Luke, 686 F.3d 600, 604 (8th Cir. 2012).

The Government's evidence was sufficient to demonstrate the defendant's guilt beyond a reasonable doubt. The defendant has not demonstrated that his counsel's performance was deficient, nor that the defendant suffered any prejudice as a result of

his counsel's performance. When reviewing the petition, the Court finds that the movant is not entitled to relief. Accordingly, the Defendant's Motion will be denied.

A petitioner, under 28 U.S.C. § 2255, may not appeal an adverse ruling unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A certificate of appealability will not be granted unless the movant has "made a substantial showing of the denial of a constitutional right." § 2253(c)(2). To show this denial, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Defendant made no such showing, and no certificate of appealability will be issued.

**THEREFORE, IT IS ORDERED THAT:**

1. The Court has completed its initial review of Defendant's motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion"), Filing No. 155, and the motion is summarily denied;

2. No certificate of appealability will be issued;

3. A separate Judgment will be entered; and

4. The Clerk is directed to mail a copy of this Order and Judgment to the Defendant at his last known address.

Dated this 15th day of May, 2024.

BY THE COURT:

s/ Joseph F. Bataillon  
Senior United States District Judge