IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:19CR329 |
| vs. | |
| WARREN LEE MACKEY, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on defendant's motion for DNA testing, asking this Court to order the F.B.I. to conduct STRmix testing under 18 U.S.C. § 3600(c). Filing No. 184. The Court requested additional briefing by the government which has occurred. *See* Filing No. 187 and Filing No. 188. On October 7, 2021, Warren Lee Mackey ("Mackey") was convicted after a jury trial of Aggravated Sexual Abuse of a Child Under the Age of 12, in violation of Title 18 U.S.C. §§ 2241(c) and 1153; and Abusive Sexual Contact in violation of Title 18 U.S.C. §§ 2244(a)(5) and 1153. Mackey was sentenced to a term of 360 months' imprisonment on Count I and 120 months' imprisonment on Count II, to run concurrently to Count I. Mackey alleges that he is innocent of the charges against him.

On March 14, 2022, Mackey filed an appeal with the Eighth Circuit. Mackey alleged three errors at trial: 1) the District Court improperly permitted testimony from disclosure witnesses; 2) the District Court improperly permitted the FBI agent to testify as an expert witness; and 3) the District Court improperly awarded restitution. Mackey did not raise the issue of DNA testing in his appeal. On October 2, 2023, the Eighth Circuit Court of Appeals affirmed Mackey's conviction and sentence of imprisonment but

remanded the matter with respect to restitution. An Amended Judgement was issued on May 13, 2024 (ordering no restitution).

## DISCUSSION

The Innocence Protection Act was supplemented adding a new chapter 228A to Title 18 of the United States Code, 18 U.S.C. §§ 3600, 3600A. Pursuant to 18 U.S.C. § 3600(a), upon written motion by a person convicted of violating an offense and sentenced to imprisonment (or death), "the court that entered the judgement of conviction shall order DNA testing" if the defendant meets all of the ten criteria in the Act. The government concedes that the criteria set forth in 1, 2, 3, 4, 9 and 10 are met. For purposes of this motion only, the Court will also find that number five has likewise been met. However, the government contends that the following requirements have not been met:

> (6) The applicant identifies a theory of defense that—
>     (A) is not inconsistent with an affirmative defense presented at trial; and
>     (B) would establish the actual innocence of the applicant of the Federal or State offense referenced in the applicant's assertion under paragraph (1).
> (7) If the applicant was convicted following a trial, the identity of the perpetrator was at issue in the trial.
> (8) The proposed DNA testing of the specific evidence may produce new material evidence that would—
>     (A) support the theory of defense referenced in paragraph (6); and
>     (B) raise a reasonable probability that the applicant did not commit the offense.

18 U.S.C.A. § 3600.

Mackey is required to establish a theory of defense that would support his claim of innocence. 18 U.S.C. § 3600(a)(6)(A) & (B). It must be different from the theories or affirmative defenses he offered at trial. He has not done so. Consistent with his trial defense, Mackey argues that he is innocent. He further argues that the DNA on the

2

victim's clothing will prove his innocence. He concedes that his DNA may be found on the victims clothing but not in sufficient quantities to establish his guilt. At trial he conceded that he had contact with the victim, but not in the criminal manner described by the victim. DNA testing of the victim's clothing does nothing to change the defendant's trial defense.

Mackey's request also fails under 18 U.S.C. § 3600(a)(8). The proposed DNA testing of the specific evidence would not produce new material evidence that would support his theory of defense from trial and would not raise a reasonable probability that he did not commit the offense.[1] The parties agreed at trial that the DNA of the victim would likely be on the defendant's clothes. The Court finds this is not new evidence, and the testing of the DNA would not be relevant in this particular case.

Third, Mackey's identity was not at issue in the trial. 18 U.S.C. § 3600(a)(7). Accordingly, he does not meet the criteria set forth in § 3600(a)(7). Mackey has failed to offer any significant evidence to support these three requirements. The DNA testing would not support his claim that he is innocent. The jury tried these issues and found him guilty. The Eighth Circuit affirmed this Court. There is nothing new in Mackey's arguments that would prove him innocent. Accordingly, the Court will deny his motion.

---

[1] The items contained in the FD-1087 – Evidence Collection2 included the following:
1. Buccal swabs from the person of WARREN MACKEY at the Santee Police Department at 12:33 PM; 2. Purple notebook from living room; 3. Black notebook and miscellaneous pages from [MINOR VICTIM'S] bedroom; 4. Pink & white chain pattern panties from [MINOR VICTIM'S] bedroom closet; 5. Solid pink panties from basement laundry basket; 6. Pink bra from [MINOR VICTIM'S] bedroom closet; 7. Black stretch pants from [MINOR VICTIM'S] bedroom; 8. Blue jeans jacket from [MINOR VICTIM'S] bedroom; 9. Black shamrock t-shirt from [MINOR VICTIM'S] bedroom closet.

The following items were collected from [MINOR VICTIM] at the residence but separate from the search warrant:
1. Buccal swabs from [MINOR VICTIM]; and 2. Handwritten statement from [MINOR VICTIM] from mother's residence.
See Filing No. 188-1.

THEREFORE, IT IS ORDERED THAT Defendant's motion for DNA testing, Filing No. 184, is denied.

Dated this 29th day of May, 2025.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge