IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:19CR329 |
| vs. | |
| WARREN LEE MACKEY, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on Defendant's second motion to vacate pursuant to 28 U.S.C. § 2255.  Filing No. 193.  This Court previously entered an order and judgment (Filing No. 178 and Filing No. 179) denying the defendant's motion (Filing No. 155) pursuant to 28 U.S.C. § 2255.

Having reviewed Filing No. 155, the Court finds that the present § 2255 motion is properly characterized as "successive," within the meaning of 28 U.S.C. §§ 2255 and 2244(b).  The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposed procedural requirements on federal prisoners, like the defendant, who wish to file "second or successive" motions to vacate their sentences.  The AEDPA amended 28 U.S.C. § 2244 to preclude the filing of any subsequent habeas corpus petition absent certification by a panel of the appropriate court of appeals for the circuit in which the district court is located, authorizing the district court to consider the successive motion or application.  Also, 28 U.S.C. § 2255 provides that a second or successive section 2255 motion may not be filed without prior appellate court approval in the manner provided in 28 U.S.C. § 2244.

28 U.S.C. § 2244(b) states:

(1) A claim presented in a second or successive habeas corpus application

1

under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--

>(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
>(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
>>(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3) >(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
>(B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>
>(C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
>
>(D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
>
>(E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

(4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.

Similarly, 28 U.S.C. § 2255 states, in pertinent part:

(h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

The defendant's current § 2255 motion has not been certified by the Eighth Circuit Court of Appeals as required by 28 U.S.C. § 2255.  Therefore, Filing No. 193 is denied.

THEREFORE, IT IS ORDERED THAT Defendant's successive motion for relief pursuant to 28 U.S.C. § 2255, Filing No. 193, is denied and dismissed.  A separate judgment will be entered in conjunction with this Memorandum and Order.

DATED this 29th day of May, 2025.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge